LAURA E. DUFFY
United States Attorney
RAVEN M. NORRIS
Assistant U.S. Attorney
California State Bar No. 232868
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Email: raven.norris@usdoj.gov
Telephone: (619) 557-7157
Facsimile: (619) 557-5004

Attorneys for Petitioner

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Civil Case No. **'11 CV0141 IEG  BLM** |
| Petitioner, | **PETITION TO ENFORCE INTERNAL REVENUE SERVICE SUMMONS** |
| v. | Date:   April 4, 2011 |
| CHRISTOPHER GEHRISCH, | Time:  10:30 a.m. |
| Respondent. | Crtrm:  1<br>The Honorable Irma E. Gonzalez |

Petitioner, the United States of America, by its counsel, Laura E. Duffy, United States Attorney, and Raven M. Norris, Assistant United States Attorney, petitions the Court for an order to enforce the Internal Revenue Service ("IRS") summons described below and, in support thereof, alleges as follows:

1.    This proceeding is brought at the request of the Chief Counsel, IRS, a delegate of the Secretary of the Treasury, and at the direction of the Attorney General of the United States.

2.    Jurisdiction over these proceedings is conferred upon this Court by 26 U.S.C. §§ 7402(b) and  7604(a), and 28 U.S.C. § 1345.

3.    Venue is proper in the Southern District of California because Christopher Gehrisch ("Respondent") is found within this district.

///

///

///

4.     At all times relevant, Mark L. Lucia, who served the summons to Respondent, was a Revenue Agent with the IRS, employed in the Small Business/Self-Employed Division of the IRS in San Marcos, California, and was authorized to take testimony and receive documents requested in the IRS summons pursuant to the authority contained in 26 U.S.C. § 7602 and 26 C.F.R. § 301.7602-1. See Declaration of Revenue Agent Lucia at ¶ 1 ("Lucia Decl.").

5.     Respondent can be found at 1260 Distribution Way, Vista, California 92081, which is his business address and is within the geographical jurisdiction of this Court.

6.     On July 30, 2010, Revenue Agent Lucia issued an IRS Summons, IRS Form 2039 ("Summons") directing Respondent to appear before him on August 13, 2010 in order to give testimony and produce for examination documents and records specified in the Summons. Lucia Decl. at ¶¶ 3, 5. The Summons relates to an investigation of the income tax liability of Proteus Dimensional Technologies ("Proteus") for the 2008 tax year and was issued to Respondent as Chief Executive Officer of Proteus. Lucia Decl. at ¶¶ 2-3. A copy of the Summons is attached to Lucia Decl. as Exhibit A.

7.     On July 30, 2010, Revenue Agent Lucia attempted to serve a copy of the Summons by personally handing the Summons, containing the attestation required by 26 U.S.C. § 7603, to Respondent at the Proteus office. Lucia Decl. at ¶ 4. Respondent declined service by refusing the Summons and closing the office door. Id. Agent Lucia left the copy of the Summons taped to the office door. Id. A copy of the Certificate of Service is attached to the Lucia Declaration as Exhibit B.

8.     On August 12, 2010, Respondent, along with Matthew Gehrisch and two unidentified individuals, appeared in response to a separate IRS summons issued to Matthew Gehrisch. Id. at ¶ 6. Matthew Gehrisch had two boxes in his possession but did not produce the boxes to Agent Lucia. Id. Matthew Gehrisch demanded that Agent Lucia sign a document stating that he had complied with the summons and demanded that Agent Lucia identify the criminal acts committed by Proteus. Id. Agent Lucia declined to sign the document and explained that the Summons related to a civil action. Id. Respondent then instructed Matthew Gehrisch not to provide any testimony. Respondent also did not provide any summonsed information at the August 12, 2010 meeting. Id.

///

///

9.      On August 13, 2010, Respondent, along with Matthew Gehrisch and two unidentified individuals, appeared in response to the Summons issued to Respondent.  During the August 13, 2010 meeting, Respondent repeatedly refused to cooperate with Agent Lucia, refused to discuss the summonsed information, and refused to produce the summonsed information. Lucia Decl. at ¶¶ 7-9.

10.      On August 13, 2010, in order to correct any potential service errors with the previous Summons, Agent Lucia issued a second summons ("August 13, 2010 Summons") to Respondent.  Lucia Decl. at ¶ 10.  The August 13, 2010 Summons is identical to the previous Summons as it requested all testimony, books, records, and papers relating to the 2008 tax liability of Proteus.  Id.  The August 13, 2010 Summons  required Respondent to appear before Agent Lucia on August 24, 2010 at 8:30 a.m. at One Civic Center Drive, Suite 400, San Marcos, California.  Id. at ¶ 12.   A copy of the August 13, 2010 Summons is attached to Lucia Decl. as Exhibit C.

11.      Agent Lucia served the August 13, 2010 Summons by personally handing the summons to Respondent when he appeared on August 13, 2010.  Id. at ¶ 11.  Respondent attempted to refuse service of the new summons.  A copy of the Certificate of Service is attached to the Lucia Declaration as Exhibit D.

12.      On August 24, 2010, Respondent appeared before Revenue Agent Lucia in response to the August 13, 2010 Summons but refused to provide any of the books, papers, records, or other data sought by the summons.  Lucia Decl. at ¶13.

13.      On September 10, 2010, Agent Lucia received a letter from Respondent dated September 7, 2010.  Lucia Decl. at ¶ 14, Exhibit E. The letter demanded that Agent Lucia provide the lawful name of each individual brought into the August 13, 2010 meeting by the IRS and complete verification forms for each individual present at the meeting.  Id.  Respondent did not provide any summonsed information in the letter.

14.      At Revenue Agent Lucia's request, attorney Jeffrey A. Schlei of the IRS Office of Chief Counsel sent a letter to Respondent providing another opportunity to comply with the summons and directing him to appear before Revenue Agent Lucia on October 15, 2010, at 9:00 a.m. at One Civic Center, Suite 400, in San Marcos, California.  Lucia Decl. at ¶ 15.

///

1    15.    Respondent did not appear on October 13, 2010 and did not provide any of the

2  summoned information.  Lucia Decl. at ¶ 16.  To date, Respondent has not provided the IRS with the

3  documents requested by the August 13, 2010 Summons.  Id. at ¶ 17.

4    16.    All administrative steps required by the Internal Revenue Code for the issuance of the

5  summons have been taken.  Id. at ¶ 19.

6    17.    In order to obtain judicial enforcement of an IRS summons, the United States bears the

7  initial burden of showing "that the investigation will be conducted pursuant to a legitimate purpose, that

8  the inquiry may be relevant to the purpose, that the information sought is not already within the

9  Commissioner's possession, and that the administrative steps required by the Code have been followed

10  . . . " United States v. Powell, 379 U.S. 48, 57-58 (1964); accord, United States v. Dynavac, 6 F.3d 1407

11  (9th Cir. 1993).  The burden on the government is a "slight one" and may be satisfied by presenting the

12  declaration by the investigating agent.  Dynavac, 6 F.3d at 1414 (citations omitted).  Once a prima facie

13  case has been made, "a heavy burden falls on the taxpayer" to show an abuse of process or lack of

14  institutional good faith.  Id.  The taxpayer "must allege specific facts and evidence to support his

15  allegations."  Liberty Financial Services v. United States, 778 F.2d 1390, 1392 (9th Cir. 1985) (citation

16  omitted).  The matter may be decided on the written record in a summary proceeding.  See Hotz v.

17  United States, No. MISC-CV-F-95-32, 1996 WL 159695 at *2 (E.D. Cal. Jan. 9, 1996).  To be entitled

18  to an evidentiary hearing, a respondent must make some showing to support a contention of improper

19  purpose or lack of good faith.  Fortney v. United States, 59 F.3d 117, 121 (9th Cir. 1995).

20    18.    Revenue Agent Lucia is conducting an investigation to determine Proteus's tax liability

21  for the 2008 tax year.  Lucia Decl. at ¶ 2.

22    19.    The Internal Revenue Code specifically allows the issuance of a summons for the

23  purpose of "determining the liability of any person for any internal revenue tax . . . or collecting any such

24  liability . . ." 26 U.S.C. § 7602(a).  The purpose for issuing a summons may include "inquiring into any

25  offense connected with the administration or enforcement of the internal revenue laws."  26 U.S.C. §

26  7602(b).  Therefore, Revenue Agent Lucia's investigation is being conducted pursuant to a legitimate

27  purpose specifically authorized by statute.

28  ///

4

20.     Further, the testimony, books, papers, records, and other data sought by the August 13, 2010 Summons are not already in the possession of the IRS.  Lucia Decl. at ¶ 18.

21.     Respondent is in possession and control of the testimony and documents concerning the above-described investigation.

22.     The Internal Revenue Code permits the Secretary to summon the records of any person "which may be relevant or material" to the investigation.  26 U.S.C. § 7602(a)(1).  It is well settled that to satisfy the relevancy requirement set forth in Powell, the United States must demonstrate that the summonsed information may "throw light upon" the subject of the investigation.  United States v. Arthur Young & Co., 465 U.S. 805, 813-14, n. 11 (1984).  This standard necessarily presents a low threshold because of the inherent difficulties in ascertaining, prior to examination, how much use the summonsed records will be in determining the collectibility of a person's tax liability and whether a person has an income tax liability for a specific period.  The Supreme Court has observed that:

> [a]s the language of § 7602 clearly indicates, an IRS summons is not to be judged by the relevance standards used in deciding whether to admit evidence in federal court. The language "may be" reflects Congress' express intention to allow the IRS to obtain items of even potential relevance to an ongoing investigation, without reference to its admissibility.  The purpose of Congress is obvious:  the Service can hardly be expected to know whether such data will in fact be relevant until it is procured and scrutinized.

Arthur Young & Co., 465 U.S. at 814 (internal citation omitted) (emphasis in original).  This low threshold of relevance also follows from the language of the Code, which authorizes the investigation of persons who "may be liable" for taxes.  26 U.S.C. § 7601.

23.     Under the instant circumstances, it is clear that the summonsed material is relevant.  The purpose of Revenue Agent Lucia's investigation is to determine Proteus's income tax liability for the 2008 tax year.  Lucia Decl. at ¶ 2.  The August 13, 2010 Summons seeks, among other things, "[a]ll information and records used in or resulting from the preparation of Federal income tax returns consisting but not limited to work papers, notes, papers, memoranda, and correspondence maintained by, for or under the control of Proteus Dimensional Technologies, Inc.. . ."  Id. at Exhibit C.  The documents sought by this summons are relevant to the determination of Proteus's income tax liability for the 2008 tax year.  Id. at ¶ 20.

///

1   24.     There is no Department of Justice referral in effect with respect to Respondent or Proteus.

2   Id. at ¶ 21.

3   WHEREFORE, the United States requests that:

4   1.     The Court enter an order directing Respondent, Christopher Gehrisch, to show cause, if

5   any, why he should not comply with and obey the August 13, 2010 Summons (Lucia Decl. at Exhibit C)

6   served on August 13, 2010, and each and every requirement thereof, by ordering the attendance,

7   testimony, and production of the books, papers, records, and other data required and called for by the

8   terms of the summons before Revenue Agent Lucia, or any other proper officer or employee of the IRS

9   at such time and place as may be fixed by Revenue Agent Lucia or any other proper officer or employee

10  of the IRS.

11  2.     That the United States recover the costs and expenses incurred in maintaining this action

12  against Respondent.

13  3.     That the Court grant such other and further relief as may be required.

14  DATED: January 24, 2011                    Respectfully Submitted,

15                                             LAURA E. DUFFY
                                               United States Attorney
16
                                               s/ Raven M. Norris
17
                                               _____
18                                             RAVEN M. NORRIS
                                               Assistant United States Attorney
                                               Attorneys for Petitioner
19                                             E-Mail: raven.norris@usdoj.gov

20

21

22

23

24

25

26

27

28

6

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

The United States of America

**DEFENDANTS**

CHRISTOPHER GEHRISCH

**(b)** County of Residence of First Listed Plaintiff

(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant San Diego

(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Raven M. Norris, Assistant U.S. Attorney;Civil Division, Office of the U.S. Attorney, 880 Front Street, Rm 6293, San Diego, CA 92101

Attorneys (If Known)

'11CV0141 IEG  BLM

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☒ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)

(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☒ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
26 U.S.C. §§ 7402(b) and 7604(a) and 28 U.S.C. § 1345

Brief description of cause:
Petition to Enforce Internal Revenue Summonses

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE
01/24/2011

SIGNATURE OF ATTORNEY OF RECORD
s/Raven M. Norris

**FOR OFFICE USE ONLY**

RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____